IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RYAN R. KING PETITIONER

v. Case No. 6:26-cv-06048

CHIEF MICHAR DEFENDANT

**ORDER**

Before the Court is a Report and Recommendation filed on June 24, 2026, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 6. Petitioner Ryan R. King ("King") has filed objections. ECF No. 7. The Court finds the matter ripe for consideration.

## I. BACKGROUND

King, a pretrial detainee, filed this Petition for Writ of Habeas Corpus on April 27, 2026. ECF No. 1. In his Petition, King challenges his state court case, *State v. King*, HTC-26-1483, and argues that he was arrested for exercising his Fourth Amendment rights. *Id.* at 2. He alleges that the Hot Springs Police Department ("HSPD") detained him without explanation and demanded he identify himself. *Id.* at 6. King alleges that when he refused to identify himself, the officers handcuffed him and took his wallet, saying "I can identify you." *Id.* King also alleges that HSPD stole his property in retaliation for observing a constitutional right and charged him with obstructing government operations. *Id.* at 6-7. King states for supporting facts that "bodycam evidence will show conclusively what happened." *Id.*

On June 5, 2026, King filed a Motion for Injunction and Immediate Release, in which he provides additional facts. ECF No. 5. King states that he has been incarcerated for 31 days, which he argues is a clear violation of the Constitution. *Id.* at 1. King also alleges that the narrative, which contains the facts constituting probable cause, names no witnesses and is not signed by a

judge. *Id.* King asserts that there is a clear conflict of interest in his underlying state criminal case because he has named the judge in that case, Garland County District Court Judge Joe Graham, in a Section 1983 lawsuit in this Court.[1] King states that Judge Graham told him to go to the HSPD headquarters to get discovery for his state case, which King describes as a "clear threat to me personally and a clear violation of Arkansas Rules of Criminal Procedure." *Id.* at 2. King also alleges that "Officer Velazquez" omitted names of the initiators of his prosecution and includes false facts in his narrative. *Id.* at 3. King requests immediate release from the alleged malicious prosecution. *Id.*

On June 24, 2026, Judge Ford issued the instant Report and Recommendation, recommending the Court dismiss King's Petition pursuant to the *Younger* abstention doctrine. ECF No. 6, at 4. Specifically, Judge Ford found that King's underlying state criminal case is open and proceeding. Judge Ford also found that nothing in the Petition indicates that King is alleging a double jeopardy or speedy trial claim, and King has not alleged unusual, special, or extraordinary circumstances. *Id.* Judge Ford also recommends the Court should deny King's Application to Proceed In Forma Pauperis (ECF No. 2), Motion for Appointment of Counsel (ECF No. 4), and Motion for Injunction and Immediate Release (ECF No. 5). King objects. ECF No. 7.

## II. DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.1(VII)(B). After conducting

[1] *King v. Bynum*, No. 6:26-cv-06030 (W.D. Ark. Mar. 11, 2026).

an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). A "clearly erroneous" standard of review applies to the portions of a magistrate judge's report and recommendation to which no objections have been made. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *see also* Fed. R. Civ. P. 72 advisory committee's note, subd. (b) (instructing a reviewing court to "satisfy itself that there is no clear error on the face of the record").

On July 7, 2026, King filed timely objections. ECF No. 7. King first states that he has had no contact with his public defender and his motion to suppress is "being withheld by an anonymous 'public defender' who . . . is blocking discovery." *Id.* at 1-2. King then restates that the body camera evidence will demonstrate that the HSPD were investigating a civil infraction arising from an anonymous complaint when they illegally detained him and retaliated with a malicious prosecution when he exercised his rights. *Id.* at 1. King also states that the Garland County prosecutors are withholding discovery. *Id.* King argues that the actions of the HSPD and the state are contrary to Arkansas Rules of Criminal Procedure 2.2 and 3.1, making "[a]ll evidence collected . . . fruit of the poisonous tree." *Id.* at 2. King argues that the state's actions are "extraordinary, unusual, and malicious." *Id.*

King's objections do not engage with Judge Ford's findings and recommendations or show any error of fact or law therein. Judge Ford recommends King's petition should be dismissed pursuant to the *Younger* abstention doctrine, which directs federal courts to "refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City*, 197 F.3d 321, 325 (8th Cir. 1999) (discussing *Younger v. Harris*, 461 U.S. 37, 43-44 (1971), *cert. denied*, 529 U.S. 1038 (2000). King has not asserted in his objections that his underlying state case has concluded,[2] or that any extraordinary circumstances, such as double jeopardy, speedy trial, or bad faith, exist. *See e.g.*, *Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992) ("[a] claim that a state prosecution will violate the Double Jeopardy Clause presents an exception to the general rule of *Younger v. Harris*"); *Lewellen v. Raff*, 843 F.2d 1103, 1109 (8th Cir. 1988) (recognizing bad faith and harassment exceptions to the *Younger* doctrine). King objects that "HSPD retaliated with this malicious prosecution" for exercising his rights. ECF No. 7, at 1. However, the Court finds that these conclusory allegations do not amount to the extraordinary circumstances that provide an exception to the *Younger* doctrine. *Lewellen,* at 1112 n.10 (stating serious prosecutorial misconduct such as bringing charges with no reasonable expectation of valid conviction or attempting to chill first amendment expression is necessary to trigger the bad-faith exception to *Younger*).

In the absence of specific objections, the Court finds no clear error on the face of the record with respect to Judge Ford's recommendations and will adopt them. *See Grinder*, 73 F.3d at 795.

[2] The Court reviewed Plaintiff's underlying state case and found that it remains open as of this date. *See State v. King*, HTC-26-1483. Plaintiff's trial date for that case has been set for August 27, 2026. *Id.* Further, upon review of King's state case, it appears that his public defender filed a motion for discovery on June 11, 2026. *Id.*

## III. CONCLUSION

Accordingly, the Court finds that the Report and Recommendation (ECF No. 6) should be and hereby is **ADOPTED** *in toto*. Plaintiff's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) is **DISMISSED**. Plaintiff's Application to Proceed In Forma Pauperis (ECF No. 2), Motion for Appointment of Counsel (ECF No. 4), and Motion for Injunction and Immediate Release (ECF No. 5) are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 21st day of August, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
Senior United States District Judge